## CIRCUIT COURT OF SHENANDOAH COUNTY

Commonwealth of Virginia

v.

Victor Eugene Barb

July 14, 1982

Case No. 922

**By JUDGE HENRY H. WHITING**

This accused was indicted in November of 1980, charging a felonious wounding which occurred on July 2, 1980. A jury trial on February 11, 1981, resulted in a conviction for assault and battery and a fine of $1,000.00.

The evidence showed that the accused had shot at another man with a shotgun as the means of assault and battery. He admits he went by the place where this other man lived with the gun "to scare him." Apparently the accused's wife had left their home with this other man. At one point, he testified if he pulled the trigger he did not remember and at another point he said he "shot up in the air." There can be no doubt that the weapon was used by the accused "in the commission of a criminal offense, [and] may, upon conviction of such person. . . using the same, be forfeited to the Commonwealth by order of the court trying the case, which shall make such disposition of such records as it deems proper, entry of an order of record." Virginia Code § 18.2-310.

While the twenty-one day period has passed to amend or modify the final order, nevertheless the gun is. still in the custody and control of the Court and may now be subject to forfeiture under the above statute. However, to remove any doubt about it, Virginia Code § 19.2-369 provides that the Commonwealth's Attorney may file an information to obtain the forfeiture. The Court has read the case cited, *U. S. v. Moore*, 423 F. Supp. 858 (S.D.

W.Va. 1976), providing for the restoration of the documents and records of former Governor Arch A. Moore of West Virginia upon his *acquittal* of charges brought against him; the accused's reliance upon that case is not well founded. Governor Moore's files, while perhaps material evidence originally thought to show he was guilty of a crime, a jury had found they did not and furthermore they were not "pistols, shotguns [etc.] used in the commission of a criminal offense." The obvious intent of the statute is to take from an accused weapons used illegally, as they were in this case.

Therefore, it is the opinion of the Court that the gun should not be restored to the accused, as he has requested.